UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN GARRETT HOLLARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01142-JMS-DML |
| | ) | |
| ROADHOUSE HOST, LLC, | ) | |
| JOHN BRYANT, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

John Garrett Hollars alleges that on the morning of February 7, 2016, a coworker raped him. At some point following the alleged incident, Mr. Hollars' employer – Roadhouse Host LLC, a franchise of Texas Roadhouse Development Corporation (hereinafter, "Texas Roadhouse") – terminated his employment.

Mr. Hollars brought suit against Texas Roadhouse in Madison Circuit Court, alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as well as several state law causes of action. [Filing No. 1-1.] On April 13, 2018, Texas Roadhouse removed Mr. Hollars' suit to this Court on the basis of federal question jurisdiction, with supplemental jurisdiction over Mr. Hollars' state law claims. [Filing No. 1.] Shortly after Mr. Hollars amended his Complaint, [Filing No. 18], Texas Roadhouse filed a Partial Motion to Dismiss pertaining to Mr. Hollars' state law claims. [Filing No. 20.] Mr. Hollars filed both a response and an Alternative Motion to Amend his Amended Complaint, [Filing No. 24]. Both Motions are now ripe for the Court's review. [Filing No. 20; Filing No. 24.]

1

# I.
## MOTION TO AMEND

As an initial matter, the Court will consider Mr. Hollars' Motion to Amend. [Filing No. 24.] In his brief in support of his Motion to Amend, Mr. Hollars states that the currently-operative Complaint only included one of six paragraphs from his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination in this matter. [Filing No. 25 at 2.] He states that his proposed amendments would "add allegations relating to the paragraphs presented in the EEOC Charge," that he believes "will cure any remaining defects in [his] amended pleading." [Filing No. 25 at 7-8.] He argues that Texas Roadhouse would not be prejudiced by the amendment because the case "is in its initial stages." [Filing No. 25 at 8.] In addition, Mr. Hollars points out that Texas Roadhouse is already aware of the allegations he seeks to add because it has already cited to the allegations contained in his EEOC Charge. [Filing No. 25 at 8.]

In response, Texas Roadhouse argues that Mr. Hollars' proposed amendment is "futile" as it will not cure any of the defects in the Complaint. [Filing No. 29 at 3.]

My. Hollars' reply does not address this issue, but merely states that the Court should allow him to amend his Complaint. [Filing No. 30 at 4.]

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit has called this standard "generous." *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014)). However, "a district court has broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants,

or where the amendment would be futile." *U.S. v. Sanford-Brown, Ltd.*, 788 F.3d 696, 706-07 (7th Cir. 2015) (quotation and citations omitted). Only where a plaintiff seeks to amend a complaint after the deadline set in the case management plan has passed do courts apply a heightened pleading standard, under which "the moving party must show good cause." *Arrigo*, 836 F.3d at 797 (quotation and citation omitted).

In this case, the deadline to move to amend the pleadings is September 13, 2018. [Filing No. 27 at 3.] Therefore, Mr. Hollars need not show good cause in order to amend his complaint. Texas Roadhouse has only argued that amendment would be futile. After reviewing Mr. Hollars' proposed Second Amended Complaint, however, the Court finds that it alleges significantly more details than the Amended Complaint, including the date of Mr. Hollars' termination and allegations that he reported sexual harassment to Texas Roadhouse. [Filing No. 18; Filing No. 24-1.] Therefore, it is not apparent from the face of the proposed Second Amended Complaint that amendment would be futile. Accordingly, Mr. Hollars' Motion to Amend, [Filing No. 24], is **GRANTED**, and his proposed Second Amended Complaint is the operative Complaint in the case.

The Court now turns to Texas Roadhouse's Partial Motion to Dismiss, which the Court will treat as applying to Mr. Hollars' Second Amended Complaint. [Filing No. 20.]

**II.
MOTION TO DISMISS**

A.  **Legal Standard**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all

permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Background

The following are the factual allegations in the Complaint, which the Court must accept as true at this time:

Mr. Hollars and John Bryant were both employed by the Texas Roadhouse in Anderson, Indiana. [Filing No. 24-1 at 2.] Mr. Hollars began his employment with Texas Roadhouse in October 2015. [Filing No. 24-1 at 2.] In November 2015, Mr. Bryant began sexually harassing Mr. Hollars. [Filing No. 24-1 at 2.] Mr. Hollars reported the harassment to Texas Roadhouse. [Filing No. 24-1 at 2.] Between November 2015 and February 10, 2016, Mr. Bryant continued to sexually harass Mr. Hollars, and each time this occurred Mr. Hollars reported the harassment to Texas Roadhouse. [Filing No. 24-1 at 2.] Initially, Texas Roadhouse scheduled Mr. Bryant to work at locations other than Mr. Hollars' employment location and scheduled the two to work at different times. [Filing No. 24-1 at 2.]

In the early morning hours of February 7, 2016, Mr. Bryant anally raped Mr. Hollars. [Filing No. 24-1 at 3.] Mr. Bryant is HIV positive. [Filing No. 24-1 at 3.] Mr. Hollars was drunk at the time of this incident. [Filing No. 24-1 at 3.] Later that day, Mr. Hollars went to Community Hospital of Anderson and notified medical staff that he believed he had been raped by Mr. Bryant and that Mr. Bryant was HIV positive.[1] [Filing No. 24-1 at 3.]

On February 10, 2016, Texas Roadhouse terminated Mr. Hollars' employment. [Filing No. 24-1 at 2.]

On April 14, 2016, Mr. Hollars filed a complaint with the EEOC alleging that Texas Roadhouse discriminated against him by failing to respond to his complaints of being sexually harassed by Mr. Bryant based on race, color, and sex in violation of Title VII of the Civil Rights Act of 1964. [Filing No. 24-1 at 1.]

On February 12, 2018,[2] Mr. Hollars brought suit against Texas Roadhouse in Madison Circuit Court, alleging that he was entitled to damages for infliction of emotional distress, sexual harassment, failure to maintain a safe work environment, sexual battery, and battery. [Filing No. 1-1 at 5.] On April 13, 2018, Texas Roadhouse removed Mr. Hollars' suit to this Court on the basis of federal question jurisdiction, alleging supplemental jurisdiction over Mr. Hollars' non-federal claims. [Filing No. 1.] In the operative Complaint, Mr. Hollars alleges that he "is entitled to damages for Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional

---

[1] In his Complaint, Mr. Hollars states that "[o]n February 11, 2016, [Mr. Hollars] received the results of the test." [Filing No. 24-1 at 3.] He does not specify what the test was for, nor does he indicate the outcome of the test. On a motion to dismiss, this Court must "accept as true all relevant facts alleged" in the Amended Complaint. *Grzan v. Charter Hosp. of Nw. Indiana*, 104 F.3d 116, 118 (7th Cir. 1997). The Court does not include this statement in its recitation of the facts as it cannot discern any relevant facts from Mr. Hollars' statement that he received unknown results from an unidentified test.

[2] February 10, 2018 was a Saturday.

5

Distress, Failure to Maintain a Safe Work Environment, and Negligent Retention" as well as damages "pursuant to Title VII." [Filing No. 24-1 at 3.]

On May 23, 2018, Texas Roadhouse filed a Partial Motion to Dismiss pertaining to Mr. Hollars' state law claims, which is now ripe for the Court's review. [Filing No. 20.]

### C. Discussion

Texas Roadhouse makes two arguments in support of its Motion to Dismiss, each of which the Court considers in turn.

*1. Statute of Limitations*

First, Texas Roadhouse argues that Mr. Hollars' state law claims are time-barred because they were filed after the two year statute of limitations on claims for intentional infliction of emotional distress, negligent supervision, and negligent retention.[3] [Filing No. 21 at 3.] Texas Roadhouse argues that Mr. Hollars' claims are based upon a rape that allegedly occurred on February 7, 2016, but he did not file his original complaint until February 12, 2018. Texas Roadhouse acknowledges that Mr. Hollars' employment with Texas Roadhouse was terminated on February 10, 2016, but contends that this "does nothing to support a negligent supervision or retention claim related to [Mr.] Bryant's alleged prior rape of him." [Filing No. 21 at 3-4.]

In response, Mr. Hollars argues that his claims are not time-barred because they began to accrue on February 10, 2016, [Filing No. 25 at 5], and they were filed by February 12, 2018 – the last day to file such claims, [Filing No. 25 at 1]. Moreover, Mr. Hollars argues that his state law

---

[3] At the time Texas Roadhouse filed its Partial Motion to Dismiss, Mr. Hollars had not alleged a claim for negligent infliction of emotional distress. However, this claim was added in the now-operative Second Amended Complaint. [See Filing No. 24-1 at 3.] Given that the statutes of limitation for intentional infliction of emotional distress and negligent infliction of emotional distress are the same, the Court will construe Texas Roadhouse's arguments concerning the former to also apply to the latter claim.

6

causes of action regarding Texas Roadhouse's "conduct between November 2015 through February 10, 2016 are not time-barred, due to the doctrine of continuing wrong." [Filing No. 25 at 1.] Specifically, Mr. Hollars argues that the doctrine of continuing wrong "defines when an act, omission, or neglect took place" and, in this case, Texas Roadhouse's "conduct took place from November 2015, when [Mr. Hollars] was first sexually harassed by [Mr.] Bryant, through February 10, 2016," when Texas Roadhouse terminated Mr. Hollars' employment. [Filing No. 25 at 5-6.]

In its reply brief, Texas Roadhouse maintains its argument that Mr. Hollars' state law claims accrued on February 7, 2016. [Filing No. 29 at 1.] Texas Roadhouse further argues that even if the doctrine of continuing wrong applies, the statute of limitations began to run as soon as Mr. Hollars learned of the facts giving rise to a claim. [Filing No. 29 at 2.]

In his surreply, Mr. Hollars contends that Texas Roadhouse misstates his arguments. [Filing No. 30 at 1.] He states that he "does not allege, at any point in his prior complaints or in his proposed Second Amended Complaint, that [Texas Roadhouse's] conduct is solely tied to, and ended with, the events that took place on February 7, 2016." [Filing No. 30 at 2.] Instead, Mr. Hollars states that "the evidence will show" that he "was terminated only after vocalizing his concerns about working with [Mr.] Bryant on February 10, 2016, given the circumstances surrounding the prior sexual harassment occurrences and the February 7, 2016 rape incident," and that he pled allegations that Texas Roadhouse's conduct continued after February 7, 2016. [Filing No. 30 at 2-3.] In addition, Mr. Hollars contends that the continuing wrong doctrine applies to this case because he "did not learn of facts leading to the discovery of the state law causes of action" against Texas Roadhouse "until the events following the February 7, 2016 rape incident," including his termination on February 10, 2016. [Filing No. 30 at 3-4.]

The Court notes at the outset that a statute of limitations argument is an affirmative defense, which is ordinarily not appropriate for decision on a motion to dismiss. *Donald v. Outlaw*, 2018 WL 2463605, at *2 (N.D. Ind. May 31, 2018). "However, a statute of limitations defense may be adjudicated on a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the defense." *Id*. at *2 (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)).

At issue are the four state law claims set forth in Mr. Hollars' operative Second Amended Complaint: "Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Failure to Maintain a Safe Work Environment, and Negligent Retention," [Filing No. 24-1 at 3], each of which is governed by a two-year statute of limitations. First, Mr. Hollars' claims for intentional infliction of emotional distress and negligent infliction of emotional distress are both governed by Indiana's statute of limitations for personal injury suits, which provides that such an action "must be commenced within two (2) years after the cause of action accrues." Ind. Code § 34-11-2-4; *Miller v. Danz*, 36 N.E.3d 455, 457 (Ind. 2015) (applying the two-year statute of limitations found in Ind. Code § 34-11-2-4 to an intentional infliction of emotional distress claim); *Schuman v. Kobets*, 716 N.E.2d 355, 356 (Ind. 1999) (applying the two-year statute of limitations to a negligent infliction of emotional distress claim). Similarly, Mr. Hollars' claims for failure to maintain a safe work environment and negligent retention are governed by a two-year statute of limitations. *See* Ind. Code § 34-11-2-1 (providing that suits "relating to the terms, conditions, and privileges of employment except actions based upon a written contract" must be brought "within two (2) years of the date of the act or omission complained of"); *see also Elwell v. First Baptist Church of Hammond, Inc.*, 2016 WL 4920021, at *3 (N.D. Ind. Sept. 15, 2016) (applying a two-year statute of limitations period for action involving negligent retention).

In determining when a personal injury suit accrued, the Indiana Supreme Court has stated:

> Under Indiana's discovery rule, a cause of action accrues, and the limitation period begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury. The determination of when a cause of action accrues is generally a question of law. For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred.

*Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). The Seventh Circuit, applying Indiana law, applied this same standard to cases related to employment brought under § 34-11-2-1. *See Jean v. Dugan*, 20 F.3d 255, 265-66 (7th Cir. 1994).

Mr. Hollars does not dispute that his claims are time-barred if they accrued on or before February 9, 2016. Instead, the crux of his argument is that the continuing wrong theory applies to his case, such that his claims accrued on February 10, 2016, and were therefore timely brought on February 12, 2018 under Indiana Trial Rule 6.

"The doctrine of continuing wrong is not an equitable doctrine; it is simply a legal concept used to define when an act, omission or neglect took place." *Havens v. Ritchey*, 582 N.E.2d 792, 795 (Ind. 1991). The Indiana Court of Appeals has explained that the "continuing wrong theory has been asserted primarily in medical malpractice cases. Where the plaintiff's harm results from a course of treatment, the argument is sometimes successful. However, where the plaintiff's harm results from an isolated act, the argument is rejected." *C & E Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642, 644 (Ind. Ct. App. 1999) (internal citations omitted). As the Seventh Circuit recently recognized, Indiana's continuing-wrong doctrine does not toll the statute of limitations "if the plaintiff obtains information that should lead to the discovery of the cause of action." *Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 463 (7th Cir. 2018) (citing *Snyder v. Town of Yorktown*, 20 N.E.3d 545, 551 (Ind. Ct. App. 2014); *C & E Corp.*, 717 N.E.2d at 645)).

9

In this case, Mr. Hollars had actual knowledge of his potential causes of action prior to February 10, 2016. He claims, for example, that Mr. Bryant began sexually harassing him in November 2015. [Filing No. 24-1 at 2.] At the moment the harassment began, Mr. Hollars knew that some damage had occurred. *See Hayes v. Multiband EC Corp.*, 2014 WL 1340679, at *2 (S.D. Ind. Apr. 4, 2014) (holding that the statute of limitations for damages arising out of a burglary began to run when the burglary occurred because the victim "indisputably knew that some damage had occurred to her" and that she "did not need to know beyond a doubt" that the burglar victimized her). The same logic applies to the rape that Mr. Hollars alleges occurred on February 7, 2018. As of that date, he had all of the information he needed to know that an actionable injury had occurred. To the extent that Mr. Hollars claims emotional distress after his alleged rape, "this only goes toward the issue of his damages," not claim accrual. *Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013) (holding that the continuing wrong doctrine did not apply to an intentional infliction of emotional distress claim for false arrest and that any emotional distress that plaintiff experienced after the accrual goes to the issue of damages); *see also Jean*, 20 F.3d at 266 (holding that where a plaintiff had an "understanding that some damage had occurred" but "may not have appreciated the full consequences" of defendant's actions until later, Indiana's two year statute of limitations began to run as of the earlier date, and the full consequences of defendant's actions were perhaps "relevant to the extent of the damages," but not to claim accrual).

In determining when Mr. Hollars' claims accrued, the Indiana Court of Appeals' decision in *Konkle v. Henson* is instructive. 672 N.E.2d 450 (Ind. Ct. App. 1996). In *Konkle*, the plaintiff had been sexually molested by a minister of her church since she was seven years old. *Id.* at 452. The basis for the plaintiff's claim was the church's negligent supervision and retention of the minister. *Id.* at 452. The plaintiff argued that the church's actions were a continuing wrong, "thus

10

tolling the statute of limitations until the last act." *Id*. at 458. The Indiana Court of Appeals rejected the plaintiff's continuing wrong theory and held that each time the plaintiff was inappropriately touched, "she was injured by the Church Defendants' breach of duty, and a new cause of action arose." *Id*. at 459. Accordingly, the Court held that any claims for actions that occurred two or more years before the plaintiff filed her complaint were barred by the statute of limitations. *Id*. at 459.

Here, Mr. Hollars' complaint admits that he knew or should have known that sexual harassment had occurred prior to February 10, 2016. Therefore, the doctrine of continuing wrong does not apply to this case. Mr. Hollars' claims that accrued prior to February 10, 2016 are time-barred by the statute of limitations and are therefore dismissed with prejudice.

        2. *Failure to State a Claim*

Texas Roadhouse also argues that Mr. Hollars has failed to state a claim for intentional infliction of emotional distress with regard to his February 10, 2016 termination. [Filing No. 21 at 4.] Specifically, Texas Roadhouse argues that "[c]ourts are hesitant to find outrageous conduct in simple termination cases like this one." [Filing No. 21 at 4.] By contrast, Texas Roadhouse contends that Mr. Hollars alleged "nothing more than a retaliatory discharged based upon complaints of sexual harassment," which does not qualify as intentional infliction of emotional distress under Indiana law. [Filing No. 21 at 5.]

In addition, Mr. Hollars contends that he has stated a claim for intentional infliction of emotional distress because he "reported repeated events of sexual harassment" to Texas Roadhouse, and through Texas Roadhouse's "reckless/intentional conduct and/or inaction, the situation escalated during the period of three months, to the point where [Mr. Hollars] was raped by his co-worker." [Filing No. 25 at 6.] Thereafter, Mr. Hollars argues that Texas Roadhouse's

"reckless/intentional conduct and/or inaction continued through February 10, 2018." [Filing No. 25 at 6.]

In its reply brief, Texas Roadhouse reiterates its argument that Mr. Hollars' claims must be based on the February 7, 2016 rape, and not the February 10, 2016 termination because terminations generally do not support claims for intentional infliction of emotional distress. [Filing No. 29 at 2.] Further, to the extent that Mr. Hollars alleges negligent infliction of emotional distress in the operative complaint, Texas Roadhouse argues that such a claim is insufficiently pled under Indiana law because employment terminations do not cause the requisite "direct physical impact required for a claim of negligent infliction of emotional distress." [Filing No. 29 at 3-4]

In his sur-reply, Mr. Hollars states that he pled allegations that Texas Roadhouse's conduct continued after February 7, 2016. [Filing No. 30 at 2-3.]

The parties' arguments primarily concern whether employment actions may provide the basis for an intentional infliction of emotional distress claim. However, the Court need not consider such nuanced arguments because Mr. Hollars' claim must be dismissed for a simpler reason – it does not state a claim for intentional infliction of emotional distress under Indiana law.

The Indiana Supreme Court has stated that the "definition of the tort of intentional infliction of emotional distress is that 'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress....'" *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991) (quoting Restatement (Second) of Torts § 46 (1965)). Here again, an Indiana Court of Appeals case is instructive in considering Mr. Hollars' claim. In *Tucker v. Roman Catholic Diocese of Lafayette-In-Indiana*, the Indiana Court of Appeals considered a complaint brought by a plaintiff who alleged that an individual employed by the Diocese repeatedly sexually abused her. 837 N.E.2d 596, 599 (Ind. Ct. App. 2005). The

Court of Appeals held that the abuse itself "was extreme and outrageous" but that whether the Diocese's actions or inactions were extreme and outrageous was a different question. The court found that the plaintiff's claims "allege, without more, that the Diocese's intentional actions constituted extreme and outrageous conduct" but "fails to allege . . . that it was the Diocese's intent to emotionally harm" her. *Id*. at 603. As such, the Indiana Court of Appeals held that the plaintiff had failed to state a claim for intentional infliction of emotional distress upon which relief could be granted. *Id*. at 603.

The facts in *Tucker* are similar to this case, in that the defendant is an employer, not the individual alleged to have committed sexual assault. Like the plaintiff in *Tucker*, Mr. Hollars alleges without more that the employer at issue behaved intentionally. However, Mr. Hollars fails to allege that Texas Roadhouse intended to emotionally harm him. Put another way, Mr. Hollars' conclusory allegation fails to plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson*, 673 F.3d at 633. As such, he has failed to state a claim for intentional infliction of emotional distress and that claim is, therefore, dismissed.

## IV.
### CONCLUSION

For the foregoing reasons, Mr. Hollars' Motion to Amend, [24], is **GRANTED** and Texas Roadhouse's Motion to Dismiss, [20], is **GRANTED** in part, as follows:

- the Motion is **GRANTED** as to any state law claims that accrued prior to February 10, 2018, and such claims are **DISMISSED** with prejudice; and

- the Motion is **GRANTED** as to Mr. Hollars' claim for intentional infliction of emotional distress, which is **DISMISSED** without prejudice.

Any future statement of claims filed by Mr. Hollars or served on opposing counsel pursuant to the Case Management Plan shall be in accordance with the Court's findings herein. [*See* Filing No. 27.]

Date: 8/2/2018

*signature*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via EFC only to all counsel of record.**