UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN GARRETT HOLLARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01142-JMS-DML |
| | ) | |
| ROADHOUSE HOST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

In 2018, John Garrett Hollars brought suit against his former employer – Roadhouse Host LLC, a franchise of Texas Roadhouse Development Corporation (hereinafter, "Texas Roadhouse") – for terminating his employment after he alleged that a coworker raped him. Although a number of motions are currently pending in this case, the Court now considers a pending Motion for Summary Judgment that, if granted, would be dispositive in this matter. [Filing No. 58.] In addition, the Court considers a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. [Filing No. 69.]

### I.
### MOTION FOR SUMMARY JUDGMENT

**A. Legal Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the

1

materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome-determinative. *Montgomery v. American Airlines Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and

the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

    B.  **Background**

On April 14, 2016, Mr. Hollars filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") "alleging Texas Roadhouse discriminated against him based upon race, color, and sex in violation of Title VII of the Civil Rights Act of 1964 by failing to respond to his complaints of being sexually harassed by a co-worker, John Bryant." [Filing No. 60 at 4.]

On November 2, 2017, the EEOC issued Mr. Hollars notice of his right to sue, [Filing No. 60 at 15], which he received six days later on November 8, 2017, [Filing No. 50 at 2]. On November 14, 2017, Mr. Hollars faxed a copy of the notice of his right to sue to his then-counsel Cody Cogswell. [Filing No. 50 at 2.]

On February 12, 2018, Mr. Hollars filed suit in Madison Circuit Court, [Filing No. 1-1 at 1], alleging, among other things, discrimination in violation of Title VII of the Civil Rights Act of 1964, [Filing No. 1-1 at 4]. On April 13, 2018, Texas Roadhouse removed Mr. Hollars' suit to this Court on the basis of federal question jurisdiction, with supplemental jurisdiction over Mr. Hollars' state law claims. [Filing No. 1.]

After the Court dismissed several of Mr. Hollars' claims, [Filing No. 31], and his counsel withdrew from the case, [Filing No. 34; Filing No. 44], Mr. Hollars, now proceeding *pro se*, filed a Motion for Summary Judgement. [Filing No. 56.] The next day, Texas Roadhouse filed its own

3

Motion for Summary Judgment, in which it argued that Mr. Hollars' claims are time-barred. [Filing No. 58.] On November 30, 2018, the Court stayed the deadline for Texas Roadhouse to file its response to Mr. Hollars' Motion for Summary Judgment, pending the outcome of Texas Roadhouse's Motion for Summary Judgment. [Filing No. 66 at 1.]

Texas Roadhouse's Motion for Summary Judgment is now fully briefed and is ripe for the Court's review. [Filing No. 58.]

### C. Discussion

In support of its Motion for Summary Judgment, Texas Roadhouse argues that Mr. Hollars' claim is "clearly time-barred." [Filing No. 59 at 3.] Specifically, Texas Roadhouse argues that Mr. Hollars filed his claim 96 days after he received notice of his right to sue, putting him outside of the 90-day window established by statute. [Filing No. 59 at 3.] Texas Roadhouse argues that the 90-day rule is not flexible, even for *pro se* litigants like Mr. Hollars. [Filing No. 59 at 3.]

In response, Mr. Hollars argues that his claim was filed late because of the conduct of his former attorney and, as such, it would be "morally and ethically wrong" to grant Texas Roadhouse's Motion for Summary Judgment. [Filing No. 67 at 1.] Mr. Hollars further argues that granting Texas Roadhouse's Motion would allow Texas Roadhouse to "get away" with violating his civil rights. [Filing No. 67 at 2.]

In its reply brief, Texas Roadhouse argues that Mr. Hollars admitted in his response brief that his claim is time-barred and subsequently admitted the same in a document he filed with the Seventh Circuit Court of Appeals. [Filing No. 68 at 2.]

Pursuant to 42 U.S.C.A. § 2000e-5 (f)(1), a "person claiming to be aggrieved" may bring a civil action "within ninety days" of the EEOC giving notice that such a suit may be brought. Although the statute "does not specify what form the notice must take or what information must

4

be included," the Seventh Circuit has held that "written notice is required and . . . that the 90–day period does not start running until the claimant (or [his] agent) actually receives the right-to-sue letter from the EEOC." *DeTata v. Rollprint Packaging Prod. Inc.*, 632 F.3d 962, 967 (7th Cir. 2011). "The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) (citations omitted).

In this case, Mr. Hollars does not dispute that his claim was filed in this Court after the 90-day period had passed, and the Court finds that his claim was untimely based on the undisputed evidence before it. Instead, Mr. Hollars argues that his claim was untimely because of the conduct of his former attorney. However, the Court rejects Mr. Hollars' argument for reasons set forth by the Seventh Circuit in *United States v. 7108 W. Grand Avenue, Chicago, Illinois*, in which Judge Easterbrook explained that "[t]he clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds." 15 F.3d 632, 634 (7th Cir. 1994). An attorney's "[m]alpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary." *Id*. at 633. Therefore, the fact that Mr. Hollars' former attorney may be responsible for the conduct leading to the Court's granting of Summary Judgment does not change the outcome. Mr. Hollars may pursue a claim against his attorney for malpractice in state court if he so chooses. In this matter, however, Texas Roadhouse is entitled to judgment as a matter of law, and its Motion for Summary Judgment, [Filing No. 58], is **GRANTED**.

As a result of the foregoing, several pending motions are now **DENIED AS MOOT**, including Mr. Hollars' Motion for Summary Judgment, [Filing No. 56], Mr. Hollars' Submission of Mental/Emotional State and Medical Records, [Filing No. 73], Mr. Hollars' Motion for an Immediate Conference with the Judge, [Filing No. 78], Mr. Hollars' Motion for Production of All

5

Documentation, [Filing No. 79], and Texas Roadhouse's Motion to Stay Discovery Pending Ruling on Defendant's Motion for Summary Judgment, [Filing No. 81].

The Court now turns to the only motion that remains pending – Texas Roadhouse's Motion for Sanctions. [Filing No. 69.]

## II.
### MOTION FOR SANCTIONS

In support of its Motion for Rule 11 Sanctions, Texas Roadhouse argues that it sent Mr. Hollars a Rule 11 letter on September 25, 2018 informing him that his Title VII claims were time-barred and that it would seek sanctions against him if he did not voluntarily dismiss his case with prejudice. [Filing No. 69 at 1.] Texas Roadhouse argues that in response to the Rule 11 letter, Mr. Hollars "refused to dismiss his frivolous claims," "continued to pursue them," and "began trying to extort a settlement from [Texas] Roadhouse." [Filing No. 69 at 2.] Texas Roadhouse also contends that it has incurred approximately $25,000.00[1] in legal fees since sending Mr. Hollars the Rule 11 letter, and argues that because Mr. Hollars' "blatant conduct wasted judicial resources and caused [Texas] Roadhouse to incur unnecessary costs," the Court should sanction Mr. Hollars and award Texas Roadhouse the attorney's fees it incurred in defending Mr. Hollars' "baseless and frivolous claims." [Filing No. 69 at 3-4.]

Mr. Hollars opposes Texas Roadhouse's Motion for Sanctions, arguing that he has submitted all evidence he has to the "Indiana Supreme Court Disciplinary Commission," and that he "cannot bear the financial burden" of sanctions. [Filing No. 77 at 1.]

---

[1] Texas Roadhouse states in one portion of its Motion that it has incurred $25,994.50 in attorney's fees, and states in another portion of the same Motion that it has incurred $24,995.50 in the same. [Filing No. 69 at 3.] This difference has no bearing on the Court's decision in this matter and, therefore, the Court will approximate Texas Roadhouse's alleged attorney's fees at $25,000.00.

6

"Under Rule 11, a district court may impose sanctions on a lawyer who submits frivolous legal arguments—those not warranted 'by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079 (7th Cir. 2018) (quoting Fed. R. Civ. P. 11(b)(2); citing *Berwick Grain Co. v. Illinois Dep't of Agriculture*, 217 F.3d 502, 504 (7th Cir. 2000) (affirming Rule 11 sanction for frivolous post-judgment motion)). "[P]ro se litigants are not immune" from "financial and other sanctions [which] may be imposed in cases of frivolous litigation." *Knopp v. Wells Fargo Bank, N.A.*, 742 F. App'x 137, 138 (7th Cir. 2018).

In order to determine whether Rule 11 sanctions are warranted, the Court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citations omitted). Texas Roadhouse has provided evidence indicating that Mr. Hollars knew his claim was time-barred. If Mr. Hollars had represented to this Court in his response briefs that his claim was not time-barred after having admitted in other court filings that it is, then Texas Roadhouse's arguments in favor of sanctions would perhaps be well taken. However, this is a mischaracterization of Mr. Hollars' argument.

Mr. Hollars did not contest that his claim is time-barred; rather, he argued that his reliance upon his former attorney excuses the missed deadline. For instance, he stated in his response in opposition to summary judgment that "[i]t would be morally and ethically wrong to grant Defendant's summary judgment . . . based on a time barred law." [Filing No. 67 at 1.] Texas Roadhouse never addressed this argument in its reply brief, or in its Motion for Sanctions, [Filing No. 68; Filing No. 69], but it is nevertheless the argument that Mr. Hollars proffered. Although the Court found that Mr. Hollars' reliance upon counsel did not provide legitimate grounds to

7

allow his claim to survive summary judgment, the Court is not persuaded that he should have known that this argument was groundless under the circumstances presented here. Accordingly, Texas Roadhouse's Motion for Sanctions, [Filing No. 69], is **DENIED**.

## IV.
### CONCLUSION

For the foregoing reasons, Texas Roadhouse's Motion for Summary Judgment, [58], is **GRANTED**, and its Motion for Sanctions, [69], is **DENIED**. In addition, the following motions are **DENIED AS MOOT**:

- Mr. Hollars' Motion for Summary Judgment, [56];

- Mr. Hollars' Submission of Mental/Emotional State and Medical Records, [73];

- Mr. Hollars' Motion for an Immediate Conference with the Judge, [78];

- Mr. Hollars' Motion for Production of All Documentation, [79]; and

- Texas Roadhouse's Motion to Stay Discovery Pending Ruling on Defendant's Motion for Summary Judgment, [81].

Final Judgment shall issue accordingly.

Date: 1/30/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via EFC only to all counsel of record and via U.S. Mail to:**

JOHN GARRETT HOLLARS
302 N. Lincoln Ave.
Alexandria, IN 46001