UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN GARRETT HOLLARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01142-JMS-DML |
| | ) | |
| ROADHOUSE HOST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court is a Bill of Costs, [Filing No. 84], filed by Defendant Roadhouse Host LLC, a franchise of Texas Roadhouse Development Corporation (hereinafter, "Texas Roadhouse"), to which *pro se* Plaintiff John Garrett Hollars objects, [Filing No. 86]. Texas Roadhouse requests costs in the amount of $647.26, and Mr. Hollars objects to Texas Roadhouse's request in its entirety. For the reasons set forth herein, the Court **GRANTS** Texas Roadhouse's request.

## I.
### LEGAL STANDARD

The costs that are recoverable by a prevailing party in a civil lawsuit are set forth in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Under Federal Rule of Civil Procedure 54(d), the Court has discretion to tax the costs enumerated in § 1920 against the losing party in an action. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). Moreover, "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party," *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017), and this presumption "is difficult to overcome." *Armstrong v. BNSF Ry. Co.*, 880 F.3d 377, 383 (7th Cir. 2018) (citation omitted); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (calling the presumption that prevailing parties are entitled to costs "venerable"). "District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Armstrong*, 880 F.3d 377 at 383 (citation omitted). "The process for awarding court costs is intended to be summary." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The district court should not resolve arguments regarding the winning party's strategy in litigating the case, *id.*, but nonetheless must discern whether the claimed costs were "reasonable and necessary," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

## II.
### BACKGROUND

On February 4, 2019, Texas Roadhouse filed a Bill of Costs in which it requested $400.00 in fees of the clerk and $247.26 in fees for making copies, for a total of $647.26. [Filing No. 84.] Texas Roadhouse attached to its Bill of Costs an affidavit from counsel Blake Burgan in which Mr. Burgan certified that all of the claimed fees were correct and were necessarily incurred in this

case. [Filing No. 84-1 at 1.] Mr. Burgan then set forth the following breakdown of copy charges claimed in this matter:

| Cost | Reason |
|---|---|
| $ 24.00 | Copy charge for records from Madison County Clerk (Tab A) |
| $ 6.50 | Copy charge for medical records |
| $ 27.65 | Copy charge for medical records |
| $ 76.94 | Copy charge for medical records |
| $ 32.20 | Copy charge for medical records |
| $ 14.26 | Copy charge for medical records |
| $ 65.71 | Copy charge for medical records[1] |

[Filing No. 84-1 at 2.]

### III.
### DISCUSSION

Mr. Hollars objects to Texas Roadhouse's request on two grounds: (1) Mr. Hollars alleges that he should not have to pay the Court's $400.00 filing fee because he "did not move the lawsuit to Federal Court," Texas Roadhouse did; and (2) Mr. Hollars argues that he should not have to pay for copy fees related to his medical records because he previously paid for "all medical records from 2015-present and his former attorney . . . sent Defendant copies." [Filing No. 86 at 1.]

In its reply brief, Texas Roadhouse states that Mr. Hollars "has not suggested that he is unable to pay the $647.26 in costs, nor has he alleged that [Texas] Roadhouse engaged in any misconduct." [Filing No. 89 at 2.] In addition, Texas Roadhouse argues that "courts in this circuit

have awarded costs associated with removing cases to federal court." [Filing No. 89 at 2.] Texas Roadhouse further contends that the fact that Mr. Hollars' former counsel produced some medical records "is irrelevant" because Texas Roadhouse "is entitled to obtain the records directly from the health care providers to confirm that it has all relevant documents." [Filing No. 89 at 2.]

Turning first to Mr. Hollars' argument that he should not be required to pay the fee for removing this case to federal court, he has cited no authority supporting such a proposition, and the Court's research has uncovered none in this Circuit. In 2007, the United States District Court for the Northern District of Illinois considered a similar argument, wherein a plaintiff argued that "because she did not choose to be in federal court, she should not be obligated to pay the significant costs associated with losing at the Federal Court level." *Aebischer v. Stryker Corp.*, 2007 WL 1668065, at \*4 (C.D. Ill. June 8, 2007) (quotations omitted). The court rejected plaintiff's argument, noting that she had "cited no authority for this novel argument" and concluding that the "law is clear that there is a strong presumption that a prevailing party will recover costs, with no distinction made as to whether the case was filed in federal court or removed to federal court." *Id.* at \*4. Similarly, numerous cases outside of this Circuit have considered the issue and each came to the same conclusion – that costs associated with removing a case from state to federal court are taxable under Rule 54(d). *See, e.g., Jarrett-Cooper v. United Air Lines, Inc.*, 2014 WL 1775559, at \*3 (E.D. Mich. May 2, 2014) (noting that the "Bill of Costs Handbook for the Eastern District of Michigan clearly indicates that filing fees for removal filed in federal court are considered taxable fees"); *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989), *aff'd sub nom. Card v. State Farm*, 902 F.2d 957 (5th Cir. 1990) (finding that the defendant was required to pay a filing fee when it removed the action to federal court and that "[c]ourt fees are allowed as costs whether they are fees which are paid when the action was initially filed or when the action

was removed"); *Raio v. Am. Airlines, Inc.*, 102 F.R.D. 608, 611 (E.D. Pa. 1984) ("The costs of removing the case from state to federal court are taxable costs"). Similarly, in other contexts courts have emphasized "that plaintiffs who file suit in a state court alleging federal causes of action know going in that their case can be removed to federal court" and "should therefore not be surprised if this in fact occurs." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 695 (6th Cir. 1999) (concluding that a state could bill plaintiffs for accrued court costs incurred prior to removal). As a result of the foregoing, the Court rejects Mr. Hollars' argument that he should not be responsible for paying the $400.00 removal fee and exercises its discretion to tax such costs against him.

Turning next to fees that Texas Roadhouse claims for copying medical records, neither parties' briefing on this issue is of assistance to the Court. Mr. Hollars' argument is without citation to authority, which is perhaps not surprising given his *pro se* status. Texas Roadhouse addresses this issue by setting forth a conclusory argument without citation indicating that it was entitled to obtain the records produced by health care providers directly from the source in order to ensure authenticity. Nonetheless, the Court finds that Texas Roadhouse's argument is consistent with Seventh Circuit precedent.

"The expense of copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). However, this rule is not without its limits: copies made for an attorney's convenience are non-compensable. *Haroco, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). In this case, Texas Roadhouse argues that the copies at issue were necessary to ensure the authenticity of Mr. Hollars' medical records. This justification is not merely for the

5

convenience of Texas Roadhouse's counsel, but instead goes to the merits of Mr. Hollars' case. As such, the Court finds that the claimed copy fees are reasonable and necessary.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Texas Roadhouse's Bill of Costs, [84], and awards Texas Roadhouse **$647.26** in costs.

Date: 3/11/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via EFC only to all counsel of record and via U.S. Mail to:**

JOHN GARRETT HOLLARS
302 N. Lincoln Ave.
Alexandria, IN 46001